UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>            Plaintiff,<br><br>   v.<br><br>ANDY PULIDO,<br><br>            Defendant.<br>_____/ | No. C 12-00277 LB<br><br>**ORDER REMANDING CASE TO ALAMEDA COUNTY SUPERIOR COURT** |

## I. INTRODUCTION

Plaintiff Federal Home Loan Mortgage Corporation ("FHLM") brought an action for unlawful detainer against Defendant Andy Pulido ("Mr. Pulido") in Alameda County Superior Court on July 8, 2011. Notice of Removal, ECF No. 1 at 2.[1] Mr. Pulido, who is proceeding *pro se*, removed the case from state court, alleging federal-question jurisdiction. *Id.* at 3. Both parties consented to this court's jurisdiction. ECF Nos. 8, 9. Pursuant to Civil Local Rule 7–1(b), the court finds this matter suitable for decision without oral argument. Because the unlawful detainer complaint presents only state claims on its face, the court finds no basis for federal jurisdiction and remands the case to

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 12-00277 LB

Alameda County Superior Court.[2]

## II. FACTS

FHLM alleges that it purchased real property at 1737 Spruce Avenue, San Leandro, California at a Trustees' Sale. Complaint, Exhibit 1 to ECF No. 5, ¶ 10-11.[3] FHLM claims that its title has been perfected and that a Trustee's Deed conveying title to it has been recorded in Alameda County. *Id.,* ¶ 8. Accordingly, FHLM alleges that it is the owner of the property and is entitled to its immediate possession. *Id.*, ¶ 7. Although FHLM served Mr. Pulido with a written "Notice to Quit" on April 5, 2011, Mr. Pulido continues to occupy the property. *Id.,* ¶¶ 12-14. Thus, FHLM filed an unlawful detainer action in Alameda County Superior Court on July 8, 2011. *Id.,* at 1. FHLM now seeks damages of the reasonable rental value of the property (approximately $30 per day), as well as restitution of the property and costs. *Id., ¶* 15. On January 18, 2012, Mr. Pulido removed the case to federal court. Notice of Removal, ECF No. 1.

## III. LEGAL STANDARD

A defendant in a state court may remove an action to federal court so long as the action could have originally asserted federal-question jurisdiction.[4] 28 U.S.C. 1441(b). The burden is on the removing defendant to prove the basis for the federal court's jurisdiction. *Shizuko Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990). If, after a court's prompt review of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). Removal jurisdiction statutes are strictly construed against

---

[2] The court notes that Mr. Pulido filed an application to proceed *in forma pauperis* on January 18, 2012 and FHLM filed a motion to remand on February 1, 2012. IFP Application, ECF No. 2; Motion, ECF No. 5. Because the court may summarily remand improperly removed cases if it there is no plausible basis for federal jurisdiction – as is the case here – the court need not rule on Mr. Pulido's application or FHLM's motion to dismiss.

[3] Because Mr. Pulido did not attach a complete copy of the original complaint or its accompanying attachments to his notice of removal, the court is relying on documents submitted by FHLM with their motion to remand in describing the relevant facts of this case.

[4] District courts have original jurisdiction over cases that arise under the law of the United States. U.S. Const. art. III, § 2, cl.1.

UNITED STATES DISTRICT COURT
For the Northern District of California

removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

The "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). An actual or anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009). However, a plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint. *Franchise Tax Bd. of California*, 463 U.S. 1 at 22.

## IV.  ANALYSIS

### A.  The Court Lacks Federal-Question Jurisdiction

Here, FHLM alleges a single claim against Mr. Yates for unlawful detainer. Complaint, Exhibit 1 to ECF No. 5 at 16-17. Unlawful detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction. *See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez*, No. C 11-00451 WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. C 11-1894 PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) .

Mr. Pulido nonetheless asserts that the court has federal-question jurisdiction under 28 U.S.C. § 1443(1). Notice of Removal, ECF No. 1 at 2. This statute allows the removal of any civil action that is commenced in state court against "any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). According to the United States Supreme Court, "a removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights . . . . Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of (the) State." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (internal

quotations and citations omitted).

Mr. Pulido has established neither of these elements, and FHLM's complaint contains no facts which would otherwise confer federal jurisdiction. *See Taylor*, 481 U.S. at 63 (jurisdiction must appear on the face of a well-pleaded complaint); *Hunter*, 582 F.3d at 1042-43 (jurisdiction cannot be predicated on actual or anticipated defenses).

## B. The Court Lacks Diversity Jurisdiction

Though Mr. Pulido did not allege diversity jurisdiction in the notice of removal, the court will nonetheless undertake the proper analysis.

Federal courts have original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Thus, in removal cases where the purported basis of jurisdiction is diversity jurisdiction, removal is not permitted where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action (even if the opposing parties are citizens of different states). *See* 28 U.S.C. § 1441(b).

First, the amount in controversy does not exceed $75,000. In unlawful detainer actions, the right to possession of the property is contested, not title to the property, and plaintiffs may collect only damages that are incident to that unlawful possession. . *See Litton Loan Servicing, L.P. v. Villegas*, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (quoting *Evans v. Superior Ct.*, 67 Cal. App. 3d 162, 170 (1977)). FHLM is requesting damages in the amount of $30 per day, beginning on July 6, 2011. Complaint, Exhibit 1 to ECF No. 5, § 15. The amount of damages at issue in this case does not come close to reaching the threshold amount.

Second, even assuming the threshold amount for diversity jurisdiction were satisfied, removal was not proper because FHLM filed suit in California, and Mr. Pulido is a citizen of California. 28 U.S.C. § 1441(b) prohibits removal where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action.

## V. CONCLUSION

Based on the foregoing, the court **REMANDS** the case to Alameda County Superior Court. The Clerk of the Court shall close the file.

///

1 **IT IS SO ORDERED.**

2 Dated: February 17, 2012

3 _____
LAUREL BEELER
United States Magistrate Judge